(91 South. 60)

No. 24330.

Succession of VATTER.

(Jan. 30, 1922. Rehearing Denied Feb. 27, 1922.)

*(Syllabus by the Court.)*

1. **Taxation** ⊙≈881—**Property owned by decedent at time of death, apparently transferred more than 90 days prior thereto, subject to inheritance tax.**

The fact that a donation or transfer of property, made within 90 days preceding the death of a person whose estate would be liable for an inheritance tax, carries with it a presumption that it was made to escape that tax, does not deprive the state of the right to collect the tax upon property owned by the decedent at the time of his death, even though it may have been, apparently, donated or transferred more than 90 days prior to that event.

2. **Taxation** ⊙≈860—**Statute construed merely to establish a presumption that donations and transfers made within 90 days prior to death were to avoid transfer tax.**

The only effect of section 3 of Act No. 51 of 1918, amending and re-enacting section 18 of Act No. 109 of 1906, is to establish a presumption with respect to donations and transfers made within the 90-day period which does not exist with respect to those made at an earlier period.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

In the matter of the succession of Frank Vatter. Rule requiring heirs to show cause why they should not file a descriptive list of the property left by the decedent, and why the inheritance tax due should not be fixed, together with the fee of the attorney of the Collector, dismissed, and the Inheritance Tax Collector appeals. Judgment annulled, and case remanded, with directions.

Edward Rightor and Harry P. Gamble, both of New Orleans, for appellant.

W. L. Gleason, of New Orleans, for appellees.

OVERTON, J. This case, prior to the reorganization of this court, under the Constitution of 1921, was assigned to Chief Justice F. A. MONROE, who has since retired. Before retiring, he prepared an opinion in it, which we find in the record. The opinion, however, was not handed down by him, for the reason that it became necessary to refix the case for argument. Since then, it has been argued before the court, as at present constituted. As the members of the court, after consultation, have reached the same conclusion reached in that opinion, and for the same reasons, the opinion and the decree have been adopted as the opinion and the decree of the court, and are here set forth and rendered as such. The opinion and the decree are as follows, to wit:

Some seven months after the death of Frank Vatter, the ex officio inheritance tax collector for the parish of Orleans obtained the appointment of a notary, authorized to make a search for any will that the decedent may have left; and, the search having been made, and no will found, he ruled the heirs into court to show cause why they should not file a descriptive list of the property left by decedent, stating the cash value of the same, and why the inheritance tax due by them should not be fixed, together with the fee of the attorney of the collector. The heirs made a return to the effect that they were in possession of no property forming part of the estate of decedent, and could furnish no detailed statement with respect thereto; and thereupon William J. Rand, a son-in-law of the decedent, was called to the stand by the counsel for the collector and questioned at some length, with the result that, he testified that decedent had given his property to his children from year to year, and, as we understand, had parted with the last of it some five or six months prior to his death. Counsel then began asking some questions which were objected to, and he made the statement:

"I want to state what I desire to prove. The tax collector now endeavors to show by this

witness that deceased possessed a large amount of property, subject to the inheritance tax, some six or eight months previous to his decease; but, more than 90 days previous to his decease, the deceased made a transfer, for apparent consideration, fraudulently, and for the purpose of avoiding the inheritance tax law, of all his assets, to his heirs."

"To which" (reads the note of evidence) "counsel for defendants objects, on the ground that the state and the inheritance tax collector are not at interest to question the validity of any transfer or donation made to any of the heirs, prior to 90 days preceding the death of decedent."

The objection was sustained; the witness testified that decedent made no transfers of his property to his heirs, within 90 days preceding his death, and that he left no property when he died, and it was admitted that other witnesses would testify to the same effect. The rule was dismissed, and the inheritance tax collector brings up the appeal.

### Opinion.

[1, 2] The decision of the question presented depends upon the interpretation that may be placed on section 3 of Act 51 of 1918, p. 76, amending and re-enacting section 18 of act 109 of 1906, and reading as follows:

"The burden of proving facts establishing exemptions from the tax imposed by this act is upon the person claiming exemption.

"All donations or transfers of property for inadequate consideration, within 90 days prior to the death of the owner thereof, shall be presumed to have been made in avoidance of the tax herein levied, and, unless said presumptions shall be overcome by sufficient evidence, such property shall be deemed a part of the succession of the person who has so donated or alienated said property, for purposes of computing the inheritance tax due by the succession, legatees or heirs of such person."

The fact that a donation or transfer of property, made within 90 days preceding the death of a person whose estate would be liable for the inheritance tax, carries with it a presumption that it was made to escape that tax, does not deprive the state of the right to collect the tax upon property owned

by the decedent at the time of the death, even though it may have been, apparently, donated or transferred more than 90 days prior to that event. The only effect of the provision above quoted is to establish a presumption with respect to transfers made within the 90-day period, which does not exist with respect to those made at an earlier period.

The judgment appealed from is therefore annulled, and the case is remanded to be proceeded with according to law and to the views thus expressed; the costs of the appeal to be paid by the appellees.

O'NIELL, J. (dissenting). By Act 109 of 1906, as amended by Act 42 of 1912, and by Act 301 of 1914, and by Act 51 of 1918, the Legislature did not levy a transfer tax on donations inter vivos, or on transfers made for an inadequate consideration. By those statutes, the inheritance tax was levied only upon inheritances, either legal or testamentary. By Act 127 of 1921, which was enacted pursuant to section 7 of article 10 of the Constitution of 1921, the tax was levied upon "inheritances, legacies and donations and gifts made in contemplation of death." It may be that, under that language, the tax is now levied upon donations inter vivos, even those which are disguised as sales, provided they were made "in contemplation of death." I do not express an opinion on that question, because the statute of 1921 was enacted subsequent to the death of Frank Vatter and therefore does not control this case.

By the statute of 1906 and by the amendments of 1912 and 1914, the inheritance tax was levied strictly and only as an inheritance tax, "on all inheritances, legacies and donations mortis causa." The amending statute of 1918 did not purport to convert the inheritance tax into a transfer tax, or extend it to donations inter vivos or to transfers made for an inadequate consideration. The amendment of 1918 merely established a presumption that all donations and all transfers

of property for an inadequate consideration, made within 90 days before the death of the donor or transferor, should be deemed to have been made to avoid the inheritance tax, and declared that the property so donated or transferred should be deemed a part of the estate of the deceased donor or transferor, for the purpose of computing the inheritance tax on his estate. But we must bear in mind that, even after the amendment of 1918, the inheritance tax remained strictly an inheritance tax, not a transfer tax upon a transfer of title made otherwise than by inheritance or by testamentary disposition. The only reason why property that had been transferred within the 90 days, either by donation inter vivos or by a transfer made for an inadequate consideration, could be included in the property on which the inheritance tax was computed, was that the statute declared, as a mere fiction, that the property so donated or alienated should "be deemed a part of the succession" of the deceased donor or transferor. Property that was disposed of before the 90-day period, however, was not "deemed a part of the succession" of the deceased transferor, "for purposes of computing the inheritance tax," as the statute says. Therefore, before the enactment of the amendment of 1918, the collector of inheritance taxes was not concerned with the motive that prompted a person in making a donation inter vivos, or a transfer of his property for an inadequate consideration. No matter what the motive was, the property disposed of was not "deemed a part of the succession" of the party who had disposed of it "for purposes of computing the inheritance tax."

The issue in this case was presented clearly by the statement made by the attorney for the tax collector, during the trial, viz.:

"I want to state what I desire to prove. The tax collector now endeavors to show by this witness that deceased possessed a large amount of property subject to the inheritance tax some six or eight months previous to his decease, but

150 LA.—20

more than 90 days previous to his decease, the deceased made a transfer, for apparent consideration, fraudulently, and for the purpose of avoiding the inheritance tax law, of all his assets to his heirs."

By section 18 of Act 127 of 1921, the Legislature has extended the 90-day period to one year. This, in my opinion, is a legislative interpretation, signifying that, before the enactment of the statute of 1921, property disposed of by donation inter vivos, or by a transfer for an inadequate consideration, before the period of 90 days preceding the death of the donor or transferor, was not "deemed a part of the succession" of the donor or transferor, and was therefore not subject to the inheritance tax.

For the reasons stated, I respectfully dissent from the opinion and decree rendered in this case.